UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **CRAIG CUNNINGHAM, on behalf of himself and all others similarly situated,** | |
| **Plaintiff,** | **COMPLAINT** |
| -vs.- | **No. 18 CV 224** |
| **LABORATORY CORPORATION OF AMERICA HOLDINGS d/b/a LABCORP,** | |
| **Defendant.** | |

## CLASS ACTION COMPLAINT

### Preliminary Statement

Comes now Craig Cunningham ("Mr. Cunningham" or "Plaintiff"), on behalf of himself and all others similarly situated, and alleges as follows:

1. Plaintiff is bringing this class action against Laboratory Corporation of America Holdings ("LabCorp" or "Defendant") for its violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 and the regulations promulgated thereunder (the "TCPA").

2. Defendant caused to be made at least two (2) telephone calls to Plaintiff's cellular telephone using a prerecorded or artificial voice without Plaintiff's prior express consent. These calls violated the TCPA, which prohibits the making of any calls to a cellular telephone using a prerecorded or artificial voice without the prior express consent of the person to whom the call is made. Upon information and belief(?), for the past four years, Defendant has made thousands of identical or substantially similar calls using a prerecorded or artificial voice to cellular telephones of thousands of persons throughout the United States without obtaining the prior express consent of the persons being called. Accordingly, Plaintiff is bringing this class action.

1

## PARTIES

3. Mr. Cunningham is a resident of Tennessee.

4. Upon information and belief, LabCorp is a Delaware corporation with its principal place of business in Burlington, North Carolina.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction over this action under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

6. Venue is this judicial district is proper under 28 U.S.C. § 1391(b)(1) because this is the judicial district in which LabCorp's principal place of business is located.

## STATUTORY BACKGROUND

### The TCPA

7. The TCPA generally prohibits a person from making any telephone call using a prerecorded or artificial voice to any telephone number assigned to a cellular telephone service without the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. §§ 64.1200(a)(1)(iii).

8. Paragraph (3) of 47 U.S.C. § 227(b) provides:

(3) Private right of action

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State --

(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C) both such actions.

If the court finds that the defendant willfully or knowingly violated this subsection

or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

**LabCorp's Illegal Conduct**

9. Upon information and belief, between September 21, 2016 and October 27, 2016, Defendant, without Plaintiff's prior express consent, caused to be made at least two (2) telephone calls to Plaintiff's cellular telephone, whose number was and remains 615-348-1977, using a prerecorded or artificial voice. Plaintiff had no previous contact or dealings whatsoever with Defendant before receiving the telephone calls described above.

10. The first of the two telephone calls referred to in the previous paragraph used a prerecorded or artificial voice to state as follows: "This is an important message from LabCorp for Emanuel Espinosa regarding a claim. Please contact LabCorp between the hours of 8 am and 5 pm Eastern Time, Monday through Friday at 877-264-3911 or you can visit us on the web at www.labcorp.com/billing. Please refer to invoice number 90692871. Thank you."

11. The second of the two telephone calls referred to used a prerecorded or artificial voice to state as follows: "Hello. This is LabCorp, your doctor's lab, calling for Emanuel Espinosa. Para espanol oprima el nueve. If this is Emanuel Espinosa, please press one now or have them press one when they come to the phone. If Emanuel is not available, please press two. If we reached an incorrect number, please press three."

12. Plaintiff suffered concrete harm as a result of the above telephone calls in that the telephone calls tied up Plaintiff's telephone line, invaded Plaintiff's privacy, disturbed Plaintiff's solitude, and wasted Plaintiff's time.

13. Upon information and belief, over the last four years, Defendant caused to be made thousands of telephone calls using a prerecorded or artificial voice to the cellular telephones of

thousands of persons throughout the United States, without having received prior express consent from the called parties, to deliver messages identical or substantially similar to the messages described above that Defendant left for Plaintiff.

## CLASS ALLEGATIONS

14. Plaintiff brings this class action on behalf of himself and all others similarly situated, under Rules 23(a) and 23(b)(1)-23(b)(3) of the Federal Rules of Civil Procedure, for Defendant's violations of the TCPA.

15. Plaintiff seek to represent a class of individuals ("the Class") defined as follows:

All persons in the United States from four years prior to the filing of the instant Complaint through the date of the filing of the instant Complaint, to whom Defendant, made, initiated and/or caused to be initiated any calls to the persons' cellular telephones that, using a prerecorded or artificial voice, delivered a message, identical or substantially similar to the messages described above that Defendant delivered to Plaintiff.

16. <u>Numerosity</u>: Upon information and belief, the Class is so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the Class members through this the class action will benefit both the parties and this Court.

17. Upon information and belief, the Class contains, at a minimum, thousands of members.

18. Upon information and belief, the Class' size and the identities of the individual members thereof are ascertainable through Defendant's records, including but not limited to Defendant's call records.

19. Members of the Class may be notified of the pendency of this action by

4

techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notice, fax notice, first class mail, or combinations thereof, or by other methods suitable to the Class and deemed necessary and/or appropriate by the Court.

20. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the members of the Class. The claims of the Plaintiff and members of the Class are based on the same legal theories and arise from the same unlawful conduct.

21. Defendant, using a prerecorded or artificial voice, made, initiated and/or caused to be initiated at least one telephone call to the cellular telephones of Plaintiff and each member of the Class, without having received prior express consent from the called parties, to deliver messages identical or substantially similar to the messages described above that Defendant left for Plaintiff.

22. <u>Common Questions of Fact and Law</u>: There is a well-defined community of common questions of fact and law affecting the Plaintiff and members of the Class.

23. The questions of fact and law common to Plaintiff and the Class predominate over questions which may affect individual members and include the following:

(a) whether Defendant obtained the prior express consent from Plaintiff and the members of the Class before making, initiating, and/or causing to be initiated the above-described calls to Plaintiff and members of the class?

(b) Whether Defendant's above-described conduct violated the TCPA?

(c) Whether Plaintiff and the members of the Class are entitled to statutory damages from Defendant under the TCPA?

(d) Whether Defendant's violations of the TCPA were willful or knowing?

(e) Whether Plaintiff and the members of the Class are entitled to up to triple statutory

damages under the TCPA from Defendant for Defendant's willful and knowing violations of the TCPA?

(f) Whether Plaintiff and the members of the Class are entitled to a permanent injunction under the TCPA enjoining Defendant from continuing to engage in its unlawful conduct?

24. <u>Adequacy of Representation</u>:  Plaintiff is an adequate representative of the Class because Plaintiff's interests do not conflict with the interests of the members of the Class. Plaintiff will fairly, adequately and vigorously represent and protect the interests of the members of the Class and has no interests antagonistic to the members of the Class.  Plaintiff has retained counsel who is competent and experienced in litigation in the federal courts, class action litigation, and TCPA litigation.

25. <u>Superiority</u>:  A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class. While the aggregate damages which may be awarded to the members of the Class are likely to be substantial, the damages suffered by individual members of the Class are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the Class to individually seek redress for the wrongs done to them. Plaintiff does not know of any other litigation concerning this controversy already commenced against Defendant by any member of the Class. The likelihood of the individual members of the Class prosecuting separate claims is remote. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the

Class. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

26. <u>Injunctive Relief</u>:  Defendant has acted on grounds generally applicable to Plaintiff and members of the Class, thereby making appropriate final injunctive relief with respect to Plaintiff and the members of the Class.

## AS AND FOR A FIRST CAUSE OF ACTION

27. Plaintiff repeats each and every allegation contained in all of the above paragraphs and incorporates such allegations by reference.

28. By Defendant's above-described conduct, Defendant committed thousands of violations of the TCPA against Plaintiff and the members of the Class.

29. Accordingly, Plaintiff and the members of the Class are entitled to statutory damages from Defendant under 47 U.S.C. § 227(b)(3) of greater than $5,000,000 and an injunction against Defendant ordering it to cease its violations of the TCPA.

30. If it is found that Defendant willfully and/or knowingly violated the TCPA, Plaintiff and the members of the Class request an increase by the Court of the damage award against Defendant, described in the preceding paragraph, to three times the amount available under 47 U.S.C. § 227(b)(3)(B), as authorized by 47 U.S.C. § 227(b)(3) for willful or knowing violations, which amounts to greater than $15,000,000.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for:

A. An order certifying the Class and appointing Plaintiff as the representative of the Class and appointing the law firms representing Plaintiff as counsel for the Class;

B.     An award to Plaintiff and the members of the Class of more than $5,000,000 against Defendant for its violations of the TCPA;

C.     If it is found that Defendant willfully and/or knowingly violated the TCPA, Plaintiff and the members of the Class request an increase by the Court of the damage award against Defendant, described in the preceding paragraph, to three times the amount available under 47 U.S.C. § 227(b)(3)(B), as authorized by 47 U.S.C. § 227(b)(3) for willful or knowing violations, which amounts to greater than $15,000,000;

D.     An injunction against Defendant, on behalf of Plaintiff and the members of the Class, prohibiting Defendant from violating the TCPA; and

E.     Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

This 13th day of March, 2018.

>Respectfully submitted,
>
>*/s/ J. Matthew Norris*
>
>J. Matthew Norris (Local Counsel)
>Norris Law Firm, PLLC
>P.O. Box 1318
>Wake Forest, NC 27588
>Tel: (919) 981-4475
>Fax: (919) 926-1676
>E-mail: matt@lemonlawnc.com
>
>BELLIN & ASSOCIATESLLC
>Aytan Y. Bellin
>(Pro Hac Vice Motion to Be Field Shortly)
>50 Main Street, Suite 1000
>White Plains, NY 10606
>Tel: 914-358-5345
>Fax: 212-571-0284
>E-mail: aytan.bellin@bellinlaw.com

*Attorneys for the Plaintiff and the Proposed Class*